1
2
3
4
5
6
7
8            UNITED STATES DISTRICT COURT
9            CENTRAL DISTRICT OF CALIFORNIA
10
11   ALLEN DAVID SAUNDER,           )      NO. CV 09-7515-RGK (AGR)
12            Petitioner,           )
13                                  )
        v.                          )
14                                  )      ORDER TO SHOW CAUSE WHY
     STATE OF CALIFORNIA, et al.,   )      THIS ACTION SHOULD NOT BE
15                                  )      DISMISSED FOR FAILURE TO
            Respondents.            )      EXHAUST STATE REMEDIES
16                                  )
17   _____ )
18        For the reasons discussed below, the Court orders Petitioner to show
19   cause, on or before **November 18, 2009**, why the Court should not recommend
20   dismissal based on failure to exhaust state remedies.
21                                   **I.**
22                     **SUMMARY OF PROCEEDINGS**
23        On July 29, 2009, Petitioner filed a Petition for Writ of Habeas Corpus by a
24   Person in State Custody in the Eastern District of California.  On October 15,
25   2009, the case was transferred to this district.
26        Petitioner states that, in July 1997 and October 1999, he was convicted of
27   a shooting in his home, and assault and battery on two psychiatrists and one
28   psychiatric technician.  (Petition at 1.)  These convictions occurred in Los Angeles

1  County Superior Court and San Luis Obispo County Superior Court.[1]  (*Id.*)

2  Petitioner states that he was sentenced to three and a half years on the shooting

3  conviction and then five years on the assault and battery convictions.  (*Id.*)

**II.**

**EXHAUSTION**

6  The petition was filed after enactment of the Antiterrorism and Effective

7  Death Penalty Act of 1996 ("AEDPA").  Therefore, the Court applies the AEDPA

8  in reviewing the petition.  *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059,

9  138 L. Ed. 2d 481 (1997).

10  The AEDPA provides that a petition for writ of habeas corpus brought by a

11  person in state custody "shall not be granted unless it appears that – (A) the

12  applicant has exhausted the remedies available in the courts of the State; or (b)(I)

13  there is an absence of available State corrective process; or (ii) circumstances

14  exist that render such process ineffective to protect the rights of the applicant."

15  28 U.S.C. § 2254(b)(1).

16  Exhaustion requires that Petitioner's contentions be fairly presented to the

17  state's highest court, in this case the California Supreme Court.  *James v. Borg*,

18  24 F.3d 20, 24 (9th Cir. 1994).   Petitioner bears the burden of demonstrating that

19  he described to the California Supreme Court both the operative facts and the

20  federal legal theory on which his claim is based.  *Duncan v. Henry*, 513 U.S. 364,

21  365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995).

22  Based on the petition and on the Court's review of the state court's online

23  dockets, Petitioner has never presented any grounds for relief to the California

24  Supreme Court.  Thus, the petition appears to be completely unexhausted and is

26  [1]  It appears that the shooting conviction occurred in Los Angeles County
Superior Court, and the assault and battery convictions occurred in San Luis
27  Obispo County Superior Court.  Petitioner states that the assault and battery
incidents occurred in Atascadero State Hospital, which is in San Luis Obispo
28  County.  (Petition at 1.)

1  subject to dismissal without prejudice on that basis.  *See Rasberry v. Garcia*, 448
2  F.3d 1150, 1154 (9th Cir. 2006).

3                                    **III.**

4                                  **ORDER**

5          IT IS THEREFORE ORDERED that, on or before **November 18, 2009**,
6  Petitioner shall show cause why this Court should not dismiss the petition based
7  on the failure to exhaust state remedies.

8          *If Petitioner does not respond to this Order to Show Cause, the*
9  *Magistrate Judge will recommend that the Court dismiss the petition*
10  *without prejudice based on failure to exhaust state remedies.*

11

12

13  DATED: October 19, 2009        _____
14                                 ALICIA G. ROSENBERG
                                   United States Magistrate Judge

3